11-1772-cv
Avillan v. Donahoe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT[A]

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges.*

_____

Anibal Avillan,

> *Plaintiff-Appellant,*

> v.                                                   11-1772-cv

Patrick R. Donahoe, Postmaster
General, United States Postal
Service, JAF Building,

> *Defendant-Appellee.**

_____


**FOR PLAINTIFF-APPELLANT:**        Anibal Avillan, *pro se*, Bronx, N.Y.

---

\* The Clerk of Court is directed to amend the official caption as shown above.

**FOR DEFENDANT-APPELLEE:** Brian K. Morgan and Joseph A. Pantoja, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Anibal Avillan appeals the dismissal of his complaint, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging claims of discrimination, including retaliation and a hostile work environment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

An independent review of the record and the relevant case law confirms that Avillan failed to show he suffered a materially adverse action. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010) (listing requirements for a *prima facie* Title VII discrimination claim); *Mack v. Otis Elevator Co.*, 326 F.3d 116,

2

129 (2d Cir. 2003) (listing requirements for a *prima facie* Title VII retaliation claim).  Appellant complains only of minor workplace inconveniences, such as being replaced as acting group leader, having his custodial route reassigned and having personal items removed from a locker.  These actions are not "materially adverse."  *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (holding that in a Title VII retaliation claim, a materially adverse action is one that, "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (internal quotation marks omitted)); *Patrolmen's Benevolent Ass'n v. City of N.Y.*, 310 F.3d 43, 51 (2d Cir. 2002) (explaining that in a Title VII discrimination claim, "a materially adverse change must be more disruptive than a mere inconvenience or an alteration of job responsibilities" (internal quotation marks omitted)); *see also Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (noting that Title VII's anti-discrimination and anti-retaliation provisions are not coterminous).

To the extent the amended complaint alleges a hostile work environment claim, the conduct cited is insufficient to support such a claim.  *See*, *e.g.*, *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (explaining that, in order to support a hostile work environment claim, the conduct must have been "sufficiently severe or pervasive to alter the conditions of the victim's employment").

3

The district court did not err in disregarding allegations Avillan raised for the first time in response to Potter's summary judgment motion. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (recognizing that a party may not use opposition to a dispositive motion as a means to amend the complaint).

Finally, to the extent that Avillan's *pro se* brief raises a claim for the first time (that he was suspended without pay for three months), "[i]t is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). Consequently, we decline to review this claim.

Finding no merit in Avillan's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4